UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD J. DAVIS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 21-2601-HLT-TJJ |
| ) | |
| CRAIG MOLES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS
BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT**

Plaintiff Ronald J. Davis, Sr., proceeding *pro se*, has filed a Motion to Proceed Without Prepayment of Fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1) (ECF No. 3). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

Based on the information provided in his financial affidavit, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff reports modest monetary income from government sources such as Medicaid benefits and a gift of $1,000, but no other income or

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

assets. His reported monthly expenses of $1,880 exceed his reported income, and Plaintiff reports only a few dollars of cash available on hand. Based upon the information provided in Plaintiff's Affidavit of Financial Status, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review appears appropriate given that this case may be entirely barred by the statute of limitations. Plaintiff's Complaint references an arrest and alleged excessive force in February 2007. Given the amount of time that has passed since 2007, it appears likely that the case is time-barred. A separate Order to Show Cause or Report and Recommendation will be entered addressing the staleness of Plaintiff's claims.

**IT IS THEREFORE ORDERED THAT** Plaintiff's request to proceed without prepayment of fees (ECF No. 3) is GRANTED, but the U.S. Marshals Service is directed to withhold service of summons and the complaint pending further order of the Court.

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**IT IS SO ORDERED.**

Dated January 6, 2022, at Kansas City, Kansas.

                                                              Teresa J. James
                                                             U.S. Magistrate Judge