UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD J. DAVIS, SR., )
 )
        Plaintiff, )
 )
v. )   Case No. 21-2601-HLT-TJJ
 )
CRAIG MOLES, et al., )
 )
        Defendants. )

## ORDER TO SHOW CAUSE

Plaintiff Ronald J. Davis, Sr., proceeding *pro se*, brings this case for violation of his civil rights. According to Plaintiff's allegations, the case arises out of an arrest in February 2007, when Plaintiff claims that Coffeyville police officers used excessive force and later lied about the circumstances of his arrest in court. He also claims the county attorneys abused their power and conspired with his defense counsel, and his defense counsel rendered ineffective assistance.

Although some of the allegations in Plaintiff's Complaint may have happened after February 2007 (possibly at least some of his prosecution), this Court has difficulty envisioning any series of events that could have lasted long enough to bring this case within the statute of limitations.[1] And Plaintiff does not allege any facts that might suggest equitable tolling is

---

[1] Although Plaintiff's Complaint doesn't mention 42 U.S.C. § 1983, it appears that most of his claims fall under this federal statute. For excessive force claims, the statute of limitations is two years. *Oyler v. Finney*, 870 F. Supp. 1018, 1023 (D. Kan. 1994), *aff'd* 52 F.3d 338 (10th Cir. 1995). For abuse of process claims, the statute of limitations is also two years, but malicious prosecution claims carry a one-year limit. *Lindenman v. Umscheid*, 875 P.2d 964, 972, 974–75 (Kan. 1994). Section 1983 imports statutes of limitations from state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). At the outer limits, an action for personal injury must be commenced within ten years of the time of the act giving rise to the cause of action. K.S.A. § 60-513(b). It is, therefore, almost certain that Plaintiff's claims—brought in December 2021—are time-barred.

appropriate. Given the amount of time that has passed since 2007, it appears likely that the case is time-barred.

This Court recently granted Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915. A district court may dismiss an in forma pauperis complaint sua sponte for frivolousness or failure to state a claim.[2] But to dismiss a complaint as frivolous, it must "lack[] an arguable basis either in law or in fact."[3] And to consider an affirmative defense (such as the statute of limitations) sua sponte, the defense must be "obvious from the face of the complaint," with "[n]o further factual record required to be developed."[4] In *Fratus v. DeLand*, the Tenth Circuit stated, "Section 1915 dismissal on the basis of an affirmative defense which the district court raises sua sponte is reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense."[5] In *Fratus*, the Tenth Circuit held the district court improperly determined how long the statute of limitations was tolled, when there were factual issues about the plaintiff's mental incompetence and how long it justified tolling. Here, Plaintiff has alleged no facts that suggest any tolling is appropriate, but out of an abundance of caution, the Court will give Plaintiff the opportunity to do so or otherwise explain why his claims aren't stale.

Mindful of the Tenth Circuit's guidance in *Fratus*, this Court will permit Plaintiff to explain why his case is not time-barred. This Court therefore directs Plaintiff to show cause in

---

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).

[5] 49 F.3d 673, 676 (10th Cir. 1995).

writing to District Judge Holly L. Teeter, **on or before January 28, 2022,** why the Court should not dismiss this case as barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to District Judge Holly L. Teeter, **on or before January 28, 2022**, why the Court should not dismiss this action as barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated January 14, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge